IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALFRED DAVID HARDY, AIS # 186078, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-CV-31-WKW [WO] |
| UNITED STATES MIDDLE DISTRICT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiff Alfred David Hardy, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 complaint in the Northern District of Alabama, naming "United States Middle District, Civil Division" as the sole Defendant.  (Doc. # 1.)  On November 21, 2025, the Northern District issued an amend order, instructing Plaintiff to file an amended complaint.  (Doc. # 4.)  Thereafter, Plaintiff filed an amended complaint, naming four Defendants—the United States Middle District; the Alabama Department of Corrections (ADOC); the ADOC's Central Records; and the ADOC's Mental Health Services (Doc. # 6)—and what appears to be a handwritten addendum to the amended complaint (Doc. # 7).  The amended complaint is before the court

for screening under 28 U.S.C. § 1915A.  After review, Plaintiff's claims must be dismissed prior to service of process pursuant to § 1915A.

## II.  STANDARD OF REVIEW

Because Plaintiff is seeking redress from governmental entities, the complaint is subject to screening under 28 U.S.C. § 1915A.  Section 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.   § 1915A(b)(1)–(2).[1]   The procedure required by § 1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation.  *See* § 1915A(a).

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law."  *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from

---

[1] The screening language in § 1915A(b) is nearly identical to the language in 28 U.S.C. § 1915(e)(2)(B).  The Eleventh Circuit applies the same standards when evaluating complaints under both statutes.  *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of § 1915(e)(2)(B) to § 1915A(b).

suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.  THE AMENDED COMPLAINT'S ALLEGATIONS

The amended complaint (Doc. # 6) and addendum (Doc. # 7) filed by Plaintiff are threadbare and difficult to decipher. The amended complaint itself does not include any allegations or grounds for relief. In the addendum, however, Plaintiff seems to allege that he has been denied adequate mental health treatment for his psychiatric needs. He also appears to complain about the prison's "air circulation," heating, and cooling. (Doc. # 7 at 1.) As relief, Plaintiff requests a transfer "back to mental health or to a lower level security facility." (Doc. # 7 at 2; *see also* Doc. # 6 at 5 (requesting a "lateral transfer" or consideration of 6 months to 1 year of mental health treatment).)

## IV.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements.  First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at \*3 (11th Cir. Aug. 29, 2025) (per curiam).

In his amended complaint and addendum, Plaintiff simply names four governmental entities as Defendants and requests relief without making any specific factual allegations.  (*See* Doc. # 6 at 5; Doc. # 7 at 2.)  Notwithstanding the absence of allegations, Plaintiff's claims against the United States Middle District must be dismissed because, as a federal entity, it is not subject to suit under § 1983 and is insulated from suit by sovereign immunity.  Furthermore, Plaintiff's claims against the ADOC and related entities—*i.e.*, the ADOC itself, the ADOC's Mental Health Services, and the ADOC's Central Records (collectively, "ADOC Defendants")—

4

must be dismissed because the ADOC Defendants are not "persons" subject to suit under § 1983.

**A.**     **The United States Middle District, a federal entity, cannot be sued under 42 U.S.C. § 1983 and is protected from suit by sovereign immunity.**

Section 1983 limits its scope to "persons" acting under color of state law and does not apply to the federal government or its officers, employees, or entities acting under color of federal law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973); *see also Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978)[2] (per curiam) (Section 1983 "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law."). Moreover, even if Plaintiff had alleged facts consistent with a constitutional claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "*Bivens* provides a remedy for constitutional violations when federal actors are involved, but not federal agencies." *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (per curiam).

Furthermore, the United States Middle District is immune from suit as a branch of the federal government. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *accord Bishins v. U.S. Sec'y of Health & Human Servs.*, 2025

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

WL 2080887, at *7 (11th Cir. July 24, 2025) (per curiam). "It is well established in [the Eleventh Circuit] that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (referencing 42 U.S.C. §§ 1981 and 1982). "With respect to § 1983, the statute has no application to the action of the federal government or its officers acting under color of federal law . . . ." *Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007). Thus, the federal government has not waived sovereign immunity in § 1983 actions because "§ 1983 on its face does not and cannot apply to the actions of the federal government."[3] *Id.* "If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim." *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020).

Absent an express waiver by the federal government, the United States Middle District is entitled to sovereign immunity, and this court lacks subject matter jurisdiction to consider Plaintiff's claims against the United States Middle District. Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against the United States Middle

---

[3] It already has been established that Plaintiff has failed to allege facts to support a *Bivens* claim against the United States Middle District, but even if he had, the court notes that (1) *Bivens* does not apply to federal entities, only federal officials named in their individual capacities, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–71 (2001), and (2) the federal government has not waived its sovereign immunity in *Bivens* actions, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994).

District will be dismissed without prejudice for lack of subject matter jurisdiction, as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**B.    The ADOC Defendants are not "persons" under 42 U.S.C. § 1983.**

The State of Alabama and its agencies are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). The ADOC is a state agency and, therefore, is not a suable "person" under § 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (recognizing that the Alabama Board of Corrections is a part of the State); Ala. Code § 14-1-1.1 (providing that the ADOC is the successor to the Board of Corrections). The remaining ADOC Defendants, as divisions of the ADOC, are also considered state agencies. *See* Ala. Code § 14-1-7 (allowing for the creation of administrative divisions within the ADOC); *Mason v. Knox*, 2023 WL 5280404, at *2 (S.D. Ala. July 24, 2023) (finding that the Driver's License Division of the Alabama Law Enforcement Agency was not a "'person[]' subject to suit under § 1983"), R. & R. *adopted*, 2023 WL 5253019 (S.D. Ala. Aug. 15, 2023), *aff'd sub nom. Mason v. Mobile Cnty. Cir. Clerk*, 2024 WL 1803091 (11th Cir. Apr. 25, 2024); *cf. Smith v. Deal*, 760 F. App'x 972, 975 (11th Cir. 2019) (per curiam) (affirming the district court's dismissal of the § 1983 complaint "insofar as it alleged any claims against" the Georgia Department of Human Services and its Division of Family and Children Services because, as state agencies, they were "not subject to suit under § 1983").

Plaintiff names "Central Records" as a Defendant.  It is presumed that he is referring to the nonexistent "Central Records" division of the ADOC because he provided the address for the ADOC's Criminal Justice Center.  According to the ADOC's administrative regulations,[4] requests for public records are handled by the ADOC's Legal Division, *see* ADOC Admin. Reg. No. 23, whereas the retention and destruction of records are the responsibilities of the ADOC's Research and Planning Division, *see* ADOC Admin. Reg. No. 27.  No matter which division Plaintiff intended to name as a Defendant, both the Legal Division and the Research and Planning Division, as divisions of the ADOC, are state agencies.  Plaintiff also names the ADOC's Mental Health Services as a Defendant.  It is assumed that Plaintiff intended to name the Office of Health Services Division of the ADOC as a Defendant.  *See* ADOC Admin. Reg. No. 700 (tasking the Office of Health Services Division with "ensur[ing] that inmates in the custody of the ADOC have access to medical, dental, and health services").  However, the Office of Health Services Division, as a division of the ADOC, is likewise a state agency.

Therefore, the ADOC Defendants, as state agencies, are not "persons" subject to suit under § 1983.  Consequently, Plaintiff's claims against the ADOC Defendants

---

[4]   The ADOC's administrative regulations are available online at https://doc.alabama.gov/regulations.aspx.

will be dismissed without prejudice as frivolous and for failure to state claim under 28 U.S.C. § 1915A(b)(1).

**C.      Allowing Plaintiff another opportunity to amend would be futile.**

Construing the complaint's allegations favorably to Plaintiff, the court finds that dismissal of the complaint is required for the reasons explained.  Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once.  *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).  However, a district court is not required to allow an amendment that would be futile.  *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Plaintiff already has been afforded an opportunity to amend his complaint and was even provided with instructions on how to do so.  (*See* Doc. # 4.)  Nevertheless, Plaintiff's amended complaint and addendum do not comply with those instructions. Further, none of the Defendants named in the amended complaint is a "person" subject to suit under § 1983.  Accordingly, any further amendment to the complaint would be futile, and leave to amend will not be granted.

9

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against the United States Middle District and the ADOC Defendants are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Final Judgment will be entered separately.

DONE this 9th day of March, 2026.

                              /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE